DANIEL C. GIDLEY, Respondent, *v.* NICHOLAS S. GIDLEY, Appellant.

Where an arbitration bond requires the award to be executed, ready for delivery to the parties, it requires the award to be executed in duplicate, so that each party may have one; either party, however, may waive this requirement as far as he is concerned, and if he consent to accept a copy, leaving the original for the opposite party, the latter cannot complain, and the award is valid, although but one is executed.

(Argued January 7, 1875; decided May term, 1875.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, affirming a judgment in favor of plaintiff entered upon a decision of the court upon trial without a jury.

This action was upon an award.

The parties executed, each to the other, an arbitration bond conditioned to submit certain matters in controversy between them to three arbitrators who were to make their award in writing, ready to be delivered to the parties on or before the 1st day of June, 1867.

The arbitrators made their award May 31, 1867, in favor of plaintiff. The plaintiff, as the court found, waived his right to a duplicate, and accepted a copy in lieu thereof. ·The original was ready, at the time specified, to be delivered to the defendant, who never demanded or claimed the same.

*N. C. Moak* for the appellant. If duplicate awards were not made and signed, the award made was a nullity. (*Buck* v. *Wadsworth*, 1 Hill, 321; *Allen* v. *Galpin*, 9 Barb., 246; *Pratt* v. *Hackley*, 6 J. R., 14; *Burnap* v. *Losey*, 1 Lans., 111.)

*F. Fish* for the respondent. It was not necessary that duplicate awards should be made. (*Sellick* v. *Adams*, 15 J. R., 197; *Perkins* v. *Wing*, 10 id., 143.) Nothing is to be presumed against the validity of an award. (*Ott* v. *Schroeppel*, 3 Barb., 56; *Owen* v. *Boerum*, 23 id., 187.) It will be presumed that the arbitrators proceeded regularly until the contrary appear. (1 Hill, 489, 319; 1 Barb., 326; 4 Comst., 157; 1 Barb. Ch., 173; 1 Den., 440; 24 Wend., 258; 23 Barb., 187.)

GRAY, C. ·The award sued upon was the result of a submission to arbitration by the parties to this action, one of the conditions of the submission being that the award should be in writing, subscribed by the arbitrators and ready to be delivered to the parties on or before the 1st day of June, 1867. As appears by the facts found it was so made and subscribed by the arbitrators on the 31st day of May, 1867, but instead of a counterpart thereof signed by them a copy was made which the plaintiff accepted, waiving his right to the original, and leaving it to be delivered to the defendant, who never demanded it.

The cases of *Pratt* v. *Hackett* (6 J. R., 14); *Buck* v. *Wadsworth* (1 Hill, 321, 322) are authorities for holding that a compliance with the submission required not only that the award should be in writing and subscribed by the arbitrators, but that a counterpart thereof should also be made and subscribed by them, unless, as COWEN, J., said, in *Buck* v. *Wadsworth*,

"the party shall expressly discharge them from that necessity." In *Sillick* v. *Addams* (15 J. R., 197) no counterpart was made; the parties having each accepted a sworn copy, without objection, were held to have dispensed with the delivery of the award itself. The object of requiring a counterpart was for the benefit of the respective parties, that each might have like evidence of what the award was; and as a waiver by either could not prejudice the other, the plaintiff had the right, for himself, to waive his right to an original; and as his waiver could not, by any possibility, work an injury to the defendant, for whom the original was left in readiness for delivery, he is without any just ground of objection to the award, the same being in writing and subscribed by the arbitrators, ready for delivery to him.

It was urged on the argument that there was no evidence whatever to justify the finding alluded to, and hence that the finding itself was an error of law; if so, an exception to it was indispensable to the right to be heard upon that point upon an appeal from the Supreme Court. (*Brush* v. *Lee*, 36 N. Y., 52, 53.)

The judgment appealed from must be affirmed.

All concur.

Judgment affirmed.